UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL H. KINSEY,

        CASE NO.: 4:25-cv-169-AW-MJF

       Plaintiff,

v.

KRAFT NISSAN, CHRIS KRAFT, SR.,
PETER KRAFT, and VINNIE
VIERBICKAS

       Defendants.

_____/

## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE, STRIKE PLAINTIFF'S DAMAGE CLAIMS, AND INCORPORATED MEMORANDUM OF LAW

Defendants, Kraft Nissan,[1] Chris Kraft, Sr., Peter Kraft, and Vinnie Vierbickas, by and through the undersigned counsel, and pursuant to pursuant to Fed. R. Civ. P. 56, 12(b)(1), 12(b)(6), as well as N.D. Fla. Loc. R. 7.1, move for dismissal with prejudice of Plaintiff, DANIEL H. KINSEY's Amended Complaint (hereinafter "Amended Complaint"): (1) in its entirety as a shotgun pleading; (2) any and all claims for retaliation; and (3) any and all claims for discrimination. In addition, Defendants move to strike Plaintiff's request for punitive damages. In support, Defendants state as follows:

_____

[1] The proper name is Kraft Motorcar Company of Tallahassee, Inc. d/b/a Kraft Nissan.

## INTRODUCTION

On or around April 14, 2025, Plaintiff filed his initial Statement of Claim ("Initial Complaint"), attempting to assert claims of retaliation and discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e, *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621, *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12112, *et seq.*[2] These claims were attempted to be asserted against Kraft Nissan as well as individual employees Vinnie Vierbickas, Christ Kraft, Sr., and Peter Kraft.[3]

On May 1, 2025, this Court entered an Order, requiring Plaintiff to either file a notice of voluntary dismissal or an amended complaint to clear up Plaintiff's inconsistent list of Defendants and to use the correct complaint form (hereinafter "Order Requiring Amended Complaint").[4] Specifically, the Court held Plaintiff must do the following if Plaintiff chooses to proceed with this action:

- must use the correct Northern District of Florida complaint form to file his civil action;
- must clearly name each Defendant who is being sued as required by Fed. R. Civ. P. 10(a);
- must list each Defendants' name in the style of the case and in the "Parties to This Complaint" section of the complaint form;

---

[2] Plaintiff's Complaint [Doc. 2].
[3] *Id.*
[4] May 1, 2025 Order on Plaintiff's Initial Complaint [Doc. 4].

- must include specific dates and times of each Defendant's alleged acts;
- type or write clearly the text of Plaintiff's amended complaint listing the facts that give rise to his lawsuit;
- use headings such as "Title VII—Hostile Work Environment Claim" and "Age Discrimination Employment Act—Age Discrimination Claim" to highlight the facts that apply to each claim he seeks to raise; and
- limit his demand for relief to what he can plausibly prove and recover under the relevant law.[5]

On May 30, 2025, Plaintiff filed an Amended Complaint with a lot of the same issues unresolved from the Initial Complaint.[6] For starters, the individual defendants should be dismissed as parties under the statutes Plaintiff is pursuing this litigation under. In addition, there are no Counts identified in the Amended Complaint for Defendants to properly respond to. The Amended Complaint appears to set forth approximately five claims of discrimination or retaliation against Defendants under various legal theories. However, these claims are not separated into specific counts or properly numbered paragraphs and the Amended Complaint is thus an improper "shotgun" pleading that fails to comply with Rules 8 and 10(b) of the Federal Rules of Civil Procedure. This alone supports the dismissal of the Amended Complaint.

Further, Plaintiff's disability and retaliation claims must also fail as they were not part of the Charge of Discrimination filed with the EEOC. Also, Plaintiff fails to

---

[5] *Id*.
[6] Plaintiff's Amended Complaint [Doc. 5].

state a cause of action under Title VII, the ADA, and/or the ADEA. The lack of discriminatory, retaliatory, or otherwise unlawful conduct on the part of Defendants is best reflected by Plaintiff's inability to assert allegations of ultimate facts to support the unfounded legal conclusions set forth in the Amended Complaint. This is even more compelling, considering the Court's prior dismissal of the Initial Complaint for the same allegations presented in the Amended Complaint. In other words, Plaintiff has further burdened the Court by including more scant allegations of fact and has failed to comply with both the Order Requiring Amended Complaint and Fed. R. Civ. P. 41(b). Finally, Plaintiff improperly asserted a claim for punitive damages. With that background, the Amended Complaint is without merit and should be dismissed.

WHEREFORE, Defendants, Kraft Nissan, Chris Kraft, Sr., Peter Kraft, and Vinnie Vierbickas, respectfully request this Court enter an order: (1) dismissing the Amended Complaint with prejudice in its entirety as a shotgun pleading; (2) dismissing any and all claims for retaliation or discrimination with prejudice for failure to state a cause of action; (3) strike Plaintiff's improper request for punitive

damages; (4) awarding Defendants fees and costs[7] as the prevailing party;[8] and (5) any other relief this Court deems proper.

## MEMORANDUM OF LAW

### I.    MOTION TO DISMISS STANDARD

Rule 12(b) provides that a party may assert a subject-matter defense and a failure to state a claim upon which relief can be granted defense by motion.[9] A complaint should be dismissed for failure to state a claim upon which relief can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[10] In deciding a motion to dismiss, the court must view the complaint in the light most favorable to plaintiff and must accept all well-pleaded allegations of the complaint as true.[11] Nevertheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently

---

[7] Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920 (The costs that a court may award under Rule 54 are limited to those specified in 28 U.S.C. § 1920. Section 1920 authorizes costs for clerk and marshal fees; transcript fees; witness and copying fees; docket fees; and compensation for court-appointed experts and interpreters).

[8] A court can award costs to defendants even if a plaintiff is proceeding *pro se* or has no money. *See Smith v. Sec'y, Fla. Dep't of Corr*., 696 F. App'x 944, 953-54 (11th Cir. 2017) (affirming award of $5,371.13 in costs against indigent *pro se* plaintiff who did not prevail after a trial); *Smith v. Sec'y, Fla. Dep't of Corr*., 598 F. App'x 738, 738-39 (11th Cir. 2015) (affirming an award of $671.67 in costs against an indigent *pro se* plaintiff after corrections officer prevailed on summary judgment).

[9] Fed. R. Civ. P. 12(b)(1), (6).

[10] *Conley v. Gibson*, 78 S. Ct. 99, 102 (1957).

[11] *See Hishon v. King & Spalding*, 104 S. Ct. 2229, 2232 (1984); *Quality Foods de Centra Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 994 - 995 (11th Cir. 1983).

setting forth the essential elements of the cause of action.[12]  The court cannot assume that the plaintiff can prove facts that are not alleged and cannot accept legal conclusions in place of factual allegations.[13] The court is restricted to considering only the facts alleged in the complaint itself.[14]  To survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief."[15]

Although an employment discrimination complaint does not need detailed factual allegations, the Plaintiff is obligated to provide the grounds of entitlement to relief by more than mere labels and conclusions. "A formulaic recitation of the elements of a cause of action will not do."[16] The pleading requirements of *Ashcroft v. Iqbal*,[17] and *Bell Atlantic Corp. v. Twombly*,[18] apply to discrimination cases under Section 1981.[19] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[20] Under Rule 8, a

---

[12] *See, e.g., Quality Foods*, 711 F.2d at 995.

[13] *See Quality Foods*, 711 F.2d at 995; *Desai v. Tire Kingdom, Inc.,* 944 F. Supp. 876, 878 (M.D. Fla. 1996).

[14] *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984) (holding that motion to dismiss with alternative motion for summary judgment allowed court to look beyond facts alleged in complaint).

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[16] *Id.*. at 555 (internal citations and quotations omitted).

[17] 556 U.S. 662 (2009).

[18] 550 U.S. 544 (2007).

[19] *See, e.g., Hopkins v. Saint Lucie Cnty. School Board*, 399 F. App'x 563, 564 (11th Cir. 2010).

[20] *Iqbal*, 556 U.S. at 662.

complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."[21]

Therefore, a complaint must plead "sufficient factual matter" to support a reasonable inference of discrimination.[22] Allegations that are merely "compatible with" a claim of unlawfulness do not suffice, and where the facts alleged are "more likely explained by lawful" conduct, the complaint fails.[23] Although the Court must generally assume that the allegations in the complaint are true on a motion to dismiss pursuant to Rule 12(b)(6), the Court is not required to accept the veracity of legal conclusions or factual allegations that are not "well - pleaded."[24]

These same standards also apply to a *pro se* litigant. "A *pro se* litigant's allegations are entitled to the benefit of liberal construction.[25] However, a court does not have "license ... to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."[26]

---

[21] *Twombly*, 550 U.S. at 555.

[22] *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011).

[23] *Twombly*, 550 U.S. at 680.

[24] *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

[25] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[26] *GJR Invs. v. Cnty. of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir.1998) (overruled on other grounds by Iqbal, 129 S. Ct. 1937); *Williams v. Capella Univ.,* 2016 WL 7733974, at *2 (N.D. Fla. 2016), report and recommendation adopted, No. 1:16CV325-MW/GRJ, 2017 WL 113058 (N.D. Fla. 2017), order withdrawn, 2017 WL 690547 (N.D. Fla. 2017), and report and recommendation adopted, 2017 WL 690547 (N.D. Fla. 2017).

## II.    ARGUMENT

### a.  The Individual Defendants Should be Dismissed as Parties

In addition to suing his former employer, Kraft Nissan, Plaintiff has named three employees of Kraft Nissan as Defendants (Chris Kraft, Sr., Peter Kraft, and Vinnie Vierbickas). However, the employment discrimination statutes he is suing under do not allow him to pursue claims against individual employees in addition to her former employer.[27] Thus, Plaintiff should be required to dismiss with prejudice Chris Kraft, Sr., Peter Kraft, and Vinnie Vierbickas as defendants in this case.

### b.  The Amended Complaint Should be Dismissed as a Shotgun Pleading

Aside from the fact that Kraft Nissan is not even properly identified as a party, Fed. R. Civ. P. 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Relatedly, Fed. R. Civ. P. 10 requires that "each claim founded on a separate transaction or occurrence ... must be stated in a separate count." A complaint "must make it possible 'to know which

---

[27] *See Albra v. Advan, Inc*., 490 F.3d 826, 830 (11th Cir. 2007) (noting the Eleventh Circuit has held that individual defendants cannot be held liable for discrimination under Title VII, the ADA, or the ADEA); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.") (citations omitted) (emphasis in original).

allegations of fact are intended to support which claim(s) for relief.'"[28] "Neither the Court, nor the Defendants, should be required to 'sift through the facts presented and decide for [itself] which are material to the particular cause of action asserted.'"[29]

Complaints that violate Rule 8(a) and/or Rule 10(b) are referred to as "shotgun pleadings."[30] Several different kinds of shotgun pleadings exist.[31] One example is a complaint in which each cause of action or claim for relief is not separated into a

---

[28] *Am. Cas. Co. of Reading v. Superior Pharmacy, LLC*, No. 813CV00622T27TBM, 2013 WL 12156519, at *1 (M.D. Fla. Oct. 29, 2013) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Comm. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996)).
[29] *Id.*. (quoting *Strategic Income Fund, L.L.C. v. Spear, Leeds &Kellogg Corp.*, 305 F.3d 1293, 1296 n.9 (11th Cir. 2002)).
[30] *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).
[31] *Id.*

different count.[32] "The problem with a shotgun complaint is that most of the counts 'contain irrelevant factual allegations and legal conclusions.'"[33] "[S]hotgun pleadings include complaints that ... do not separate each cause of action or claim for relief into separate counts; or ... in a multi-defendant action, contain counts that present a claim for relief without specifying which defendants the claim is brought against."[34]

---

[32] *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (listing Eleventh Circuit cases addressing pleadings that do not separate each cause of action or claim for relief into a different count); *see also Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 979 (11th Cir. 2008) (describing a complaint with "untold causes of action, all bunched together in one count" as "a model 'shotgun' pleading"); *Bickerstaff Clay Prods. Co. v. Harris Cnty.,* 89 F.3d 1481, 1485 n. 4 (11th Cir.1996) ("The complaint is a typical shotgun pleading, in that some of the counts present more than one discrete claim for relief."); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir.1996) (characterizing as a shotgun pleading a complaint that "was framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts"); *Novak v. Cobb Cnty. Kennestone Hosp. Auth.,* 74 F.3d 1173, 1175 & n. 5 (11th Cir.1996) (referring to a complaint that pleaded multiple causes of action in a single count as "a quintessential 'shotgun pleading' "); *Cole v. United States*, 846 F.2d 1290, 1293 (11th Cir.1988) (labeling as a shotgun pleading a complaint that set forth, in one count, "every act, [regardless of which defendant committed the act], which, in the pleader's mind, may have had a causal relationship to the [injury]"); *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996) (finding that failure to "present each claim for relief in a separate count, as required by Rule 10(b)," constitutes shotgun pleading).

[33] *Small v. Amgen, Inc.,* 2 F. Supp.3d 1292, 1296 (M.D. Fla. 2014) (quoting *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002)); *see also Johnson Enters*. 162 F.3d at 1332 (labeling a complaint, which "began with thirty-seven paragraphs of general allegations that were incorporated by reference into each count of the complaint," as a shotgun pleading).

[34] *Rivera-Lopez v. Lockheed Martin Corp*., No. 19-211, 2022 WL 1215650, at *3 (S.D. Ga. Apr. 25, 2022).

Here, the Amended Complaint includes several commingled paragraphs that, while numbered, do not state with specificity the exact counts being asserted against the Defendants.[35] Instead, all claims are lumped together and Defendants are at a loss as to what counts are being asserted. The Amended Complaint appears to set forth background information of how the Plaintiff was the alleged victim of derogatory comments by Defendant Vinnie Vierbickas, that the alleged negative treatment was not investigated, and that Plaintiff was retaliated against for reporting such treatment. However, there are no legal theories or causes of action actually discussed. The Amended Complaint only has a "STATEMENT OF CLAIM" with nothing discussed thereafter. As a result, Defendants are at a loss as to where the retaliation or discrimination counts are asserted, how these counts are broken down, and what of the incorporated allegations have in relation to discrimination, or retaliation. In fact, there are no legal discussions regarding discrimination or retaliation at all in the Amended Complaint.

Further, Plaintiff failed to apportion out in the Amended Complaint any section to assert a cause of action for retaliation and/or discrimination and failed to identify any of the elements of a retaliation or discrimination claim. The Eleventh

---

[35] [Doc. 5].

CASE NO.: 4:25-cv-169-AW-MJF

Circuit repeatedly has held that a shotgun pleading properly is dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[36] Accordingly, Defendants request dismissal on this basis.

### c. Plaintiff's Disability and Retaliation Claims Must be Dismissed as they Were Not Part of the Charge of Discrimination

While unclear from the conclusory allegations, it appears Plaintiff is attempting to assert a claim for disability discrimination as well as retaliation due to Plaintiff checking the box in the Amended Complaint as a basis for jurisdiction of his Amended Complaint.[37] However, in the Amended Complaint, Plaintiff attaches a copy of the Charge of Discrimination filed with the EEOC on or about March 16, 2025 ("Charge of Discrimination").[38] Of note, the Charge of Discrimination only lists allegations for discrimination based on age and has no mention of retaliation or disability discrimination. Thus, several of the allegations now alleged in the Amended Complaint, were <u>not</u> part of the Charge of Discrimination before the EEOC.

---

[36] *Paylor*, 748 F.3d at 1126 and 1126 n.3 (collecting more than twenty cases); *Estate of Bass v. Regions Bank, Inc.,* 947 F.3d 1352, 1358 (11th Cir. 2020) ("a district court that receives a shotgun pleading should strike it and instruct counsel to replead the case--even if the other party does not move the court to strike the pleading"); *Jackson v. Bank of Am., N.A.,* 898 F.3d 1348, 1352 (11th Cir. 2018) (affirming dismissal with prejudice of shotgun complaint).

[37] Amended Compl., pg. 3.

[38] *Id.*

Pursuant to 42 U.S.C.A. § 2000e-5, a Charge must be filed with the EEOC and contain "a *clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices*."[39] However, it is respectfully submitted that the Plaintiff has made new and distinct allegations in the Amended Complaint, which were <u>not</u> part of the Charge of Discrimination.

Before commencing a lawsuit under Title VII, a plaintiff must first exhaust administrative remedies.[40] A plaintiff's Title VII action is limited to the scope of the administrative investigation that "can reasonably be expected to grow out of the charge of discrimination."[41] The purpose of the exhaustion requirement is "to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer."[42]

On this note, in the case of *Eliseo Badillo v. Liberty Mutual Insurance Co., et al.*, the Middle District of Florida restated the appropriate test for "additional allegations" in a Complaint, which were not included in a Charge of Discrimination, as follows:

> However, a plaintiff's civil lawsuit must be limited to those claims he submitted to the Commission. "Thus, while judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the [administrative] complaint, ...allegations of new acts of discrimination are inappropriate." Sunbeam Television Corp. v. Mitzel, 83 So. 3d 865, 874 (Fla. Dist. Ct.

---

[39] See 29 CFR § 1601.12(a)(3).

[40] *H&R Block E. Enters., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010).

[41] *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quotation omitted).

[42] *Brown v. Snow*, 440 F.3d 1259, 1263 (11th Cir. 2006) (overruled on other grounds).

App. 2012) (quoting Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279-80 (11th Cir. 2004) (per curiam)) (internal quotation marks omitted); see also Gatson v. Home Depot USA, 129 F. Supp. 2d 1355, 1365 (S.D. Fla. 2001) ("Absent some allegation of fact that put the defendant on notice of the nature and scope of the claim against it, the plaintiff is barred from asserting other types of claims in subsequent judicial proceedings that may bear some connection, however distinct, to the bare claim asserted in the [administrative complaint]."). Indeed, the entire purpose of the Commission would be defeated if a plaintiff were permitted to pursue claims in a judicial setting that were different from those he submitted for the Commission's review. Sunbeam Television, 83 So. 3d at 874.[43]

For the foregoing reasons, Defendants respectfully request that the claims for retaliation and disability discrimination be dismissed with prejudice, as they were not part of the original Charge of Discrimination and therefore, do not meet the pre-suit administrative requirements of 42 U.S.C.A. § 2000e-5 and Florida Statute § 760.11.

### d. **Plaintiff Fails to State a Cause of Action for Disability Discrimination**

In addition to the fact this claim should be barred and is conclusory (as detailed above), this claim also fails because Plaintiff failed to state a cause of action. To state a claim for disability discrimination, a plaintiff must first allege facts supporting a "disability" under the terms of the statute.[44] "In order to state a claim under the ADA, a plaintiff must allege (1) that he suffers from a disability, (2) that

---

[43] No. 617CV219ORL40KRS, 2017 WL 2634823, at *2 (M.D. Fla. June 19, 2017).
[44] *See Cramer v. State of Fla.*, 117 F.3d 1258, 1264 (11th Cir. 1997).

he is a qualified individual, and (3) that a 'covered entity' discriminated against him on account of his disability."[45]

The ADA defines "disability" as "a physical or mental impairment that *substantially limits one or more major life* activities of such individual . . . ."[46] "[M]ajor life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."[47] Here, Plaintiff does not allege sufficient facts supporting his being substantially limited in any major life activities due to any purported disability

---

[45] *Frazier-White v. Gee*, 818 F.3d 1249, 1255 (11th Cir. 2016).
[46] 42 U.S.C. § 12102(1)(A) (emphasis added).
[47] 42 U.S.C. § 12102(2)(A).

factually substantiated to state an ADA discrimination claim.[48] Plaintiff does not provide any assertions at all that he has a disability. Additionally, he has not stated with specificity as to how any purported disabilities have impacted his ability to work.

Thus, having failed to allege a "disability" under the statutory framework, Plaintiff's disability discrimination claim under the ADA fails in its entirety and must be dismissed as a matter of law.[49]

### e. Plaintiff Fails to State a Cause of Action for Age Discrimination

---

[48] *See Garcia v. Goodwill Indus. of S. Florida, Inc*., 2019 WL 6052814, at *2 (S.D. Fla. Nov. 15, 2019) (Moreno, J.) ("In the Eleventh Circuit, courts have found that 'merely noting the existence of a physical ailment, such as heart disease, without more, does not constitute a disability within the meaning of the applicable statute.' Rather, a complaint must allege factual matter explaining how the alleged ailment substantially limits a major life activity.") (emphasis in original; citations omitted); *Powell v. Space Coast Credit Union*, 2015 WL 9664963, at *4 (M.D. Fla. Dec. 23, 2015) (finding allegations of medical conditions insufficient to establish a disability, noting that "[a] diagnosis and an impairment are two different things and Plaintiff has not alleged how these conditions impacted his ability to perform his major life activities."), report and recommendation adopted, 2016 WL 81374 (M.D. Fla. Jan. 7, 2016); *Buford-Clark v. Birmingham Bd. of Educ*., 2015 WL 225464, at *3 (N.D. Ala. Jan. 16, 2015) ("[B]y simply listing his impairments, he neither identifies an affected major life activity nor alleges how his conditions affect his ability to perform such activities. Buford–Clark has thus failed to plausibly allege that he is disabled under § 12102(1)(A)."); *see also Kay v. Lester Coggins Trucking, Inc*., 141 Fed. Appx. 824, 827 (11th Cir. 2005) (noting that an impairment that is "neither severe, permanent nor long-term", but "temporary", is not a "disability" for purposes of the ADA).

[49] *See Powell*, 2015 WL 9664963, at *5 (finding the plaintiff failed to state a claim for disability retaliation, including because he did not satisfy the "disability" pleading requirements as part of his disability discrimination claim).

i.    Plaintiff Has Failed to Plead Required Elements

The Amended Complaint also attempts to assert Plaintiff was discriminated against on the basis of his age. In addition to the conclusory nature of this allegation (as detailed above), this claim also fails because he fails to state a cause of action. In order to allege age discrimination, a plaintiff must plead a *prima facie* case by showing he: (1) was a member of the protected group of persons between the ages of 40 and 70; (2) was subject to adverse employment action; (3) was qualified to do the job; and (4) was replaced by a younger individual.[50]

Here, Plaintiff asserts Mr. Vierbickas spoke discriminatorily about Plaintiff's age and "caused me harm to due to the inappropriate jokes and retaliation for complaining about my age, intelligence, and memory and also calling me dumb and stupid" without providing specifics as to what this means.[51] He also fails to identify any adverse employment action he was subjected to other than a vague conclusory allegation that he was "retaliated against." At no point, does he assert that he was replaced by a younger individual or name any comparator that was treated differently from him. To the contrary, he states that he was not the only individual subject to the alleged conduct, "Unfortunately, I was not the only employee that had to encounter

---

[50] *Chapman v. AI Transport,* 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*); *Benson v. Tocco, Inc.,* 113 F.3d 1203, 1207–08 (11th Cir.1997); *Margolis v. Pub. Health Trust of Miami-Dade County*, 89 F. Supp. 3d 1343, 1349 (S.D. Fla. 2015).
[51] Amended Compl., pg. 6.

and deal with Vinnie Vierbickas destructive behavior."[52]  As such, he has failed to plead a cause of action for age discrimination.

### ii.    Plaintiff Has Failed to Plead Age as the Sole Factor

Unlike other employment discrimination claims, which require only that the protected characteristic was a "motivating factor" in the challenged adverse employment action, a claim for age discrimination requires a plaintiff to prove that his age was the sole, or the "but for," reason for the alleged adverse employment action.[53] Specifically, the Supreme Court held that an ADEA plaintiff must show that "but for" the age discrimination, the adverse action would not have occurred.[54]

Here, despite Plaintiff's conclusory allegation that Mr. Vierbickas "repeatedly made derogatory comments about my age, intelligence, and memory" Plaintiff alleges multiple other theories of discrimination.[55] Additionally, Plaintiff does not even specify what adverse employment action he experienced. He alleges that Mr. Vierbickas committed "retaliation attempts" against him, without explaining what

---

[52] *Id.* at p. 16.

[53] *Gross v. FBL Financial Services, Inc.*, 129 S.Ct. 2343, 2351 (2009).

[54] *Id.* (emphasis added); *see also, Mora v. Jackson Memorial Foundation, Inc.*, 597 F.3d 1201, 1204 (11th Cir. 2010) (holding that "an ADEA plaintiff must establish 'but for' causality ... the employer either acted 'because of' the plaintiff's age or it did not"); *Martino v. MCI Communications Services, Inc.*, 574 F.3d 447, 455 (7th Cir. 2009) (requiring proof that the adverse action would not have occurred but-for the plaintiff's age, and affirming summary judgment because "[a]t best, [the plaintiff] has done no more than show that his age possibly solidified the decision.").

[55] Amended Compl. Pg. 15.

such attempts were.[56] While this is also not an adverse employment action to begin with, Plaintiff also alleges in conclusory fashion that he was discriminated against because of his age and disability. For this reason alone, the age discrimination claim must be dismissed.[57]

### f. Plaintiff Fails to State a Cause of Action for Retaliation

Plaintiff fails to identify which law is applicable to his retaliation claim. Because Title VII is often the guidepost for which many federal and state retaliation claims are analyzed, its framework will be applied here. To establish a *prima facie* case for retaliation, Plaintiff must show: (1) he engaged in statutorily protected activity; (2) he suffered an adverse action; and (3) a causal connection between the statutorily protected activity and adverse employment action.[58] "Title VII prohibits an employer from retaliating against ' any…employee[]…because he has opposed any practice made an unlawful employment practice' by Title VII, or 'because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].'"[59]

---

[56] *Id.*

[57] *Gross*, 129 S.Ct. at 2351.

[58] *Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020) (retaliation claims are cognizable under 42 U.S.C. § 1981 and are analyzed under the same framework as Title VII claims).

[59] *Id.* at 1134.

The Amended Complaint in the instant action does not contain even a bare recital of the necessary elements to establish a *prima facie* case as discussed above, much less supporting facts. Plaintiff does not even address any discussion as to whether Defendants retaliated against him in any way. The only time Plaintiff ever mentioned the word "retaliate" in the Amended Complaint is when describing his alleged interactions with Mr. Vierbickas:

> Mr. Vierbickas constant bullying, harassment, and retaliation attempts continued even after he was informed of the written complaints I provided.[60]

However, the pleading itself is cluttered with legal conclusions and is bereft of any facts pertaining to retaliation for protected activity. Plaintiff does not describe whether he resigned or was terminated, further lending credence to the fact that Plaintiff has no factual or legal basis for his claims.

Indeed, there is not a single allegation pertaining to what protected activity Plaintiff participated in, as the statute prohibits—whether "opposition" to any practice made by unlawful by the statute or by "participation" with making a charge, testifying, assisting, or participating in an investigation under the applicable section. In short, the Amended Complaint woefully fails to meet the minimal pleading standards for retaliation, and thus should be dismissed accordingly.

### g. Plaintiff Should Not Be Granted Leave to Amend

---

[60] Amended Compl. Pg. 15.

Ordinarily a *pro se* plaintiff should be granted leave to amend a deficient complaint. "A district court's discretion to deny leave to amend a complaint is 'severely restricted' by Fed. R. Civ. P. 15, which stresses that courts should freely give leave to amend 'when justice so requires.'"[61] *Where it appears that a more carefully drafted complaint might state a claim*, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."[62]

Here, Plaintiff has already amended his Initial Complaint pursuant to Court Order. In addition to the items laid out above concerning the Order Requiring Amended Complaint, the Court also expressly advised Plaintiff in the Order that Plaintiff should "Use numbered paragraphs to set forth discrete events and allegations, and use headings such as "Title VII – Hostile Work Environment Claim" and "Age Discrimination Employment Act – Age Discrimination Claim" to highlight the facts that apply to each claim he seeks to raise, and limit his demand for relief to what he can plausibly prove and recover under the relevant law."[63] The

---

[61] *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

[62] *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (holding that this rule does not apply to counseled plaintiffs); *Powers v. Sec'y, U.S. Homeland Sec.*, 846 F. App'x 754, 758 (11th Cir. 2021)(emphasis added).

[63] *See* Order Requiring Amended Complaint.

Order went on to state that "*Plaintiff's failure to comply timely with this Order will result in dismissal of this action for failure to comply with a court order and failure to prosecute.*"[64]

In the face of this Order, Plaintiff made very few revisions and failed to follow the ruling as required in stating specifics of the allegations and causes of action. Despite being warned by the Court's order that failure to properly amend could result in the dismissal of the Amended Complaint for failure to state a claim, Plaintiff added very little factual allegations.

More importantly, Plaintiff has never alleged a fact indicative of discrimination or retaliation. Nothing suggests Plaintiff possesses any information that would cure the lack of factual allegations of discrimination and/or retaliation. This is not a case where a "more carefully drafted complaint might state a claim" because there unquestionably is no additional information to add.

### h. Plaintiff Failed to Plead Required Specificity to Seek Punitive Damages

The proper procedure to entertain damage issues is by way of a Motion to Dismiss or Motion to Strike.[65] While not broken down by count, in the Relief portion of the Amended Complaint, Plaintiff alleges he is seeking punitive damages pursuant

---

[64] *Id.* (emphasis added).
[65] *See Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001).

to Fla. Stat. §768.72.[66] In addition to the reasons laid out above concerning this being a shotgun pleading and lack of specificity as to what causes of action Plaintiff is seeking punitive damages for, in order to even recover punitive damages in Federal Court, the pleadings must plead with specificity, acts committed by the Defendants.[67] Moreover, the Plaintiff must demonstrate that the respondent engaged in a discriminatory practice with malice or reckless indifference.[68] Here, the Amended Complaint fails to plead with the required specificity any acts committed by Defendants that rises to a discriminatory practice with malice or reckless indifference. To satisfy this burden, the plaintiff must allege and prove facts over and above mere unlawful employment discrimination.[69]

---

[66] Amended Compl. Pg. 12.

[67] *Miles-Hickman v. David Powers Homes, Inc.*, 613 F. Supp. 2d 872, 878 (S.D. Tex. 2009).

[68] *See* 42 U.S.C.A. § 1981a(b)(1).

[69] *See Wilbur v. Correctional Services Corp. et al*, 393 F.3d 1192, 1205 (Fla. 11th Cir. 2004) (dismissing plaintiff's punitive damages claim in an employment action brought under Title VII and Fla. Stat. 760.10 et seq.); *EEOC v. W&O, Inc.*, 213 F.3d 600, 611 (11th Cir. 2000) ("mere negligence as to the civil rights of employees is not enough to justify punitive damages"); *Ward v. Papa's Pizza to Go, Inc*., 907 F. Supp. 1535, 1542 (S.D. Ga. 1995) (rejecting plaintiff's claim for punitive damages despite fact that defendant allegedly failed to hire her because of her epileptic seizures; such conduct "is devoid of evidence showing malice, recklessness, or anything beyond potentially bad judgment"); *Braverman v. Pnobscot Shoe Company*, 859 F. Supp. 596 (D. Me. 1994) (rejecting ADA plaintiff's claim for punitive damages in connection with alleged wrongful termination, despite fact that employee was notified of termination on day he returned from cancer-related leave of absence; no evidence that employer acted with malice or reckless indifference toward his federally protected rights).

In the instant case, assuming arguendo that Plaintiff's allegations are true, and reaching all reasonable inferences, Plaintiff's claim is merely that Defendant has treated him adversely based on his age, that he was the alleged victim of derogatory comments by Defendant Vinnie Vierbickas, that the alleged negative treatment was not investigated, and that Plaintiff was retaliated against for reporting such treatment. No facts alleged and no inferences which may be drawn from them suggest that the actions of Defendants meet the standards of malicious intent or reckless disregard of statutory rights required to allow a claim for punitive damages.

Moreover, Plaintiff has failed to allege facts that would support a claim against Kraft Nissan as a corporate defendant for such damages. By the Amended Complaint's own terms, Plaintiff fails to describe any officer, director or managing agent who acted toward him in such a way as to trigger the specter of punitive damages.[70] Plaintiff may only claim punitive damages by showing that those in upper management knew of the alleged unlawful activity and authorized or approved

---

[70] *Reed v. Procter & Gamble Distributing Company*, 144 F.R.D. 2, 4 (D. Me. 1992) (a person is a "managing agent" for purposes of Fed. R. Civ. P. 30(b)(6) if he or she, *inter alia*, has general power to exercise judgment and discretion with respect to corporate matters); *Seaboard Air Lines v. Ford*, 92 So.2d 160, 168 (Fla. 1955) (the term "managing agent" is applicable to persons "of the same general nature or class" as officers and directors).

CASE NO.: 4:25-cv-169-AW-MJF

of such acts or that Defendants had a corporate policy causing such acts.[71] There are no such allegations in the Amended Complaint; therefore, Plaintiff's demand for punitive damages must be stricken.

## CERTIFICATE AS TO FONT AND WORD COUNT

The undersigned certifies that there are 6,051 words in this Memorandum and that it is typed in 14-point font.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of August, 2025, a true and correct copy of the foregoing was filed with the Clerk of Court via CM/ECF, which will send an automatic e-mail message to the parties registered with the e-Filing Portal system.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants KRAFT NISSAN,*
*VINNIE VIERBICKAS, CHRIS KRAFT, SR.,*
*and PETER KRAFT*
890 South Palafox Street
Suite 200
Pensacola, FL 32502

---

[71] *See Splunge v. Shoney's Inc.,* 97 F.3d 488, 491-91 (11th Cir. 1996) (corporate employer not liable for punitive damages where upper management had only "constructive knowledge" of supervisors' harassment of plaintiffs; employer must have "willful blindness" to unlawful acts); *Foster v. MCI Telecommunications Corp.*, 555 F. Supp. 330, 337 (D. Col. 1983), *aff'd,* 773 F.2d 1116 (10th Cir. 1985) (no official company policy implicated in the discrimination); *Chambers v. Walt Disney World Co.*, Case No. 99-1218-CIV-ORL-19B (M.D. Fla. January 6, 2000) (Sharp, J.) (granting defendant's motion to strike punitive damages).

CASE NO.: 4:25-cv-169-AW-MJF

Telephone 850-483-5911
Facsimile 850-438-6969
Primary e-mail:
michael.kelly@csklegal.com
Secondary e-mail:
baleigh.motes@csklegal.com
Alternative e-mail:
zaray.avino@csklegal.com

By:  */s/ Baleigh D. Motes*
       BALEIGH D. MOTES
       Florida Bar No.: 1059379
       MICHAEL B. KELLY
       Florida Bar No.: 115345

1299.0005-00