UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIEL H. KINSEY,

    Plaintiff,

v.                                 Case No. 4:25-cv-169-AW/MJF

KRAFT NISSAN, et al.,

    Defendants.

MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

    Plaintiff, **Daniel H. Kinsey**, respectfully submits this Memorandum in Opposition to Defendants' Motion to Dismiss. Defendants contend that Plaintiff's Complaint fails to state a claim upon which relief may be granted. On the contrary, Plaintiff's Complaint meets the federal pleading requirements of the Federal Rules of Civil Procedure sets forth sufficient factual allegations and provides Defendants with fair notice of the claims asserted. Accordingly, Defendants' Motion to Dismiss should be denied.

    A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings, not the merits of the claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In ruling on such a motion, the Court must accept all factual allegations as true and construe them in the light most favorable to the Plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).



Dismissal is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); see also *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198–99 (11th Cir. 2012) (reversing dismissal where complaint contained sufficient factual allegations to support plausible claims).

Accordingly, it is ORDERED.

1. Plaintiff's allegations, when taken as true, set forth specific facts that support each element of the asserted claims. The pleading exceeds the threshold required to survive Rule 12(b)(6) motion.
2. Defendants' arguments attempt to weigh evidence and dispute facts, which is improper at the dismissal stage. Such arguments are more appropriately addressed during discovery or at summary judgment, not on the pleadings.
3. The Complaint identifies the parties, the nature of the dispute, the conduct giving rise to the claims, and the legal basis for relief. This satisfies Rule 8(a) and places Defendants on notice of the claims against them.
4. Even if the Court were to find any deficiency in the pleadings, dismissal with prejudice is not appropriate. Rule 15(a)(2) directs that leave to amend "shall be freely given when justice so requires." Plaintiff should be permitted to amend to cure any identified defect.

For the foregoing reasons, Plaintiff respectfully requests that this Court **deny Defendants' Motion to Dismiss.** In the alternative, Plaintiff requests leave to amend his Complaint pursuant to Rule 15(a)(2).

**Respectfully submitted,**

/s/ *Daniel H. Kinsey*
Daniel H. Kinsey, Plaintiff
Plaintiff, Pro Se
84 San Marcos Drive
Crawfordville, Florida 32327
(850) 518-0238
Doctordanielkinsey@yahoo.com

September 17, 2025

### Certificate of Service

I hereby certify that on this 18th day of September 2025, a true and correct copy of the foregoing was hand delivered to the Clerk of the United States District Court for the Northern District of Florida and defendants attorneys were sent notice via email as well as U.S. Mail to counsels' for Defendants, **Cole, Scott & Kissane, P.A.**

COLE, SCOTT & KISSANE, P.A.
Counsel for Defendants
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
(850) 483-5930